## LEAGUE FOR THE PRESERVATION OF CIVIL RIGHTS AND INTERNAL TRANQUILLITY, INC v CINCINNATI (city)

Common Pleas Court, Hamilton Co

Decided May 9, 1939

Conlon & Driskill, Cincinnati, for plaintiff.

John D. Ellis, city solicitor, Cincinnati, for defendant.

### OPINION

By STRUBLE,, J.

This cause of action is before the court on the demurrer of the defendants to plaintiff's petition, the ground of which is "that the facts stated therein fail to constitute a cause of action."

The plaintiff is seeking a declaratory judgment as to the constitutionality of Section 576 of the Code of Ordinances of the city of Cincinnati which is as follows:

. "Whenever the City Manager ascertains, or receives satisfactory information, that there is any instrument or

device used for the purpose of gambling, kept for such purpose in the city of Cincinnati, he shall forthwith issue an order to the chief of police to cause said instrument or device to be seized, and when so seized to be destroyed by burning or otherwise."

Counsel for the demurrer brings in question the right of the plaintiff to bring this action on the ground that its rights and interests are not in any way effected by the section of the city's ordinances in question. We can not agree with the counsel for the demurrer as to that claim.

## PLAINTIFF'S RIGHT OF ACTION

Ohio's Declaratory Judgments Act, §12102-2, GC, provides:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise. may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

**Sec. 12102-13** of this act defines the word "person", as used in the act, as follows:

"The word 'person' wherever used in this act, shall be construed to mean any person, partnership, joint stock company unincorporated association or society, or municipal or other corporation of any character whatsover."

The plaintiff alleges that it is a corporation duly authorized to do business in Ohio, hence, it is one of the persons authorized to bring the ▮▮▮▮▮ ▮ action within the meaning of the word "person" as defined in §12102-13 of the Declaratory Judgments Act, if it is "interested in the subject-matter of the action". The fact that plaintiff is an Ohio cor-

poration exercising its purposes within the city of Cincinnati in and of itself gives it an interest in the constitutionality of the city's laws. The primary rights of life, liberty, property and pursuit of happiness of every person are more or less affected by every law under which they are compelled to live and be governed. It is the right of every one in this country to live under and be governed only by constitutional laws.

But the plaintiff does not rely wholly on the allegation that it is an Ohio corporation as a statement of a cause of action for it alleges in its petition:—

"that it is owner and in possession of personal property located in the city of Cincinnati, Hamilton county, Ohio,"

and further—

"that said ordinance is in conflict with the general law and the Constitution of Ohio; and that the dangerous propensities of such an invalid ordinance are manifested by the confiscation and destruction of newspapers, telephones, table and pin-ball games, racing news publications and other private property of citizens in Cincinnati, by subordinates of the city manager without a finding by any court, due process of law or even an attempt to comply with the requirements of the ordinance itself."

It seems to the court that by force of the allegations aforementioned that plaintiff has alleged a cause of action, —facts that entitle it to the relief prayed for.

## CITY COUNCIL'S POWER

Considering the validity of Section 576 of the city's Code of Ordinances, the first inquiry is as to the power of Council to enact said section. Council has and may exercise the legislative power of the city vested in it by the city's charter in the following language, Article II, Section 1:

"All legislative powers of the city shall be vested, subject to the terms of

this chapter and of the Constitution of the State of Ohio, in the Council."

Legislative power is the law making power. The power to prescribe rules of conduct for the people to follow, and penalties for a falure to do so.

As to the scope and extent of council's law-making power, **Article XVIII, Section 3, Ohio Constitution,** provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The legislative power which council may exercise includes a class of powers know as "police powers."

Any laws enacted by council, in the exercise of its police powers, are spoken of as "police regulations." Council may enact police regulations free of any constitutional limitations, so long as they are not arbitrary and unreasonable, and are in the interest of the public safety, health or morals.

If Section 576 was a police regulation the question would be as to whether or not it was reasonable and in the interest of the public safety, health or morals. But Section 576 is not a police regulation,—not a law. It prescribes no rule of conduct for the people to follow. It regulates nothing—prohibits nothing, not even using and keeping "instruments and devices" within the city for gambling purposes.

What we have here in Section 576 is a councilmanic order on the city manager directing him to order the chief of police to seize and destroy by burning or otherwise private property which he may conclude is being used or kept within the city for gambling purposes.

My conclusion is that the issuance of this order by city council was not in any sense an exercise of its legislative powers and for that reason is without force and effect. What Councilmanic Order 576 actually did was to set up

personal government,—government by men, namely, the city manager and police officers of the city for the suppression of gambling,—a flagrant denial of a basic right of the people to be governed by laws, not men.

From what plaintiff says in its petition this order of city council is actually being enforced; that some times with, and at other times without, orders from the city manager police officers of the city are jerking telephones from walls, smashing tables and other kinds of private property which they consider is being used or kept for gambling purposes.

Police officers are acting without right when, of their own volition, or acting under void laws, they seize and destroy the private property of others, —even if it is being used in unlawful ways. That is taking the law into their own hands; and for doing that they subject themselves to possible prosecutions both criminally and civilly.

SECTION 576—UNCONSTITUTIONAL

In view of what I have said it is a waste of time to engage in any detailed analysis of the constitutional weaknesses of Councilmanic Order No. 576; but it may not be amiss, in view of their great importance, to point out that this order of city council disregards the due process and search and seizure provisions of both the national and state constitutions.

DUE PROCESS OF LAW

Article XIV, Section 1 of the United States Constitution provides in part as follows:

"Nor shall any state deprive any person of life, liberty or property without due process of law."

Article I, Sec. 16 of the Ohio Constitution provides as follows:

"The courts shall be open and every person, for an injury done in his land, goods, person or reputation, shall have a remedy by due course of law and shall

have justice administered without penalty or delay."

It is impossible to give a definition of "due process of law" that will fit all situations, but courts all agree that notice of, and an opportunity to be heard,—a day in court, is essential to due process of law, without which private property may not be taken from the owner even if it is being used in unlawful ways.

Section 576 provides no procedure for a trial and adjudication of the questions that may arise as a result of its enforcement, hence, it is quite clear that the seizure and destruction of private property by officers under Section 576 is depriving owners of their property without due process of law.

## SEARCHES AND SEIZURES

As to search and seizures I will quote only from the Ohio Constitution, Article I, Sec. 14, as follows:

"The right of the people to be secure in their persons, houses, papers and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized."

Search and seizures are regulated by the general law of the state, §§13430-1 to 11, GC. Police officers must go armed with a search warrant issued by a court or magistrate and property seized must be turned over to the court or magistrate to be held subject to the orders of the court.

Section 13430-6 provides:

"When the warrant is executed by the seizure of property or things described therein, such property or things shall be kept by the judge, clerk or magistrate to be used as evidence."

Section 13430-8 provides:

"If the accused is discharged by the judge or magistrate, the property or other things seized shall be returned to the person in whose possession they were found, unless the possession of such articles is in itself an offense, in which case they shall be destroyed. If he is convicted, the property shall be returned to its owner, and the other things destroyed under the direction of the court."

It is to be noted that private property seized by police officers on a search warrant is to be disposed of in all cases by the court. Police officers have no power of their own volition to destroy property that they may have seized on a search warrant. If they are to destroy such property it is because the court orders them to do so. It is the same with property taken from those they arrest with or without warrants. Such property is to be handed over to the court to be disposed of subject to the orders of the court.

Without considering the matter further, and for the foregoing reasons I am holding Section 576 of the city's code of ordinances unconstitutional, and a declaratory judgment to that effect may be entered, if defendants do not care to plead further. Demurrer overruled.